**John A. DEVANY, Jr., Appellant,**

v.

**UNITED STATES of America, by its VETERANS ADMINISTRATION, Thomas V. O'Keefe, L. M. Hylton, J. Tannenbaum, A. F. Jacovine, P. C. Carrano, and the Board of Veterans' Appeals, Appellees.**

**No. 17, Docket 29963.**

United States Court of Appeals Second Circuit.

Argued Sept. 26, 1966.

Decided Oct. 13, 1966.

Gerard C. Fallon, New York City, for appellant.

Robert E. Kushner, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, Dawnald R. Henderson, Asst. U. S. Atty., on the brief), for appellees.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

KAUFMAN, Circuit Judge.

John A. Devany, Jr., a veteran of World War I, a New York State Legislator for fifteen years, and a member of the Bar, cut his left foot while swimming on the July Fourth weekend of 1960. He

treated himself by soaking his foot in a solution of hot epsom salts; unfortunately, the water was too hot and he was scalded. In order to obtain medical treatment for his foot, Devany entered the Veterans' Hospital, Kingsbridge Road, Bronx, New York.

In April 1963, Devany filed a claim with the Veterans' Administration for disability compensation under the Veterans' Benefit Act, 38 U.S.C. § 351. He alleged that the hospital's negligence resulted in the amputation of his right leg below the knee, his great left toe and two fingers on his right hand, and a "drop" in his left leg. Within two months his claim was denied on the basis of a report by a Board of Investigation. Shortly thereafter, however, a hearing was held at Devany's request at which he testified in contradiction of the findings in the Board's report.

It appears that Devany, acting as his own counsel, had requested, on several occasions, access to the day-to-day hospital records in order to document his claim that he was negligently treated by the Veterans' Hospital. He also asked that the doctors who treated him be called to testify under oath, and that he be furnished with the full transcript of the hearing which had been tape recorded. These requests were denied. Frustrated by these adverse decisions, Devany instituted the instant proceeding in the District Court, in which he sought to compel the Veterans' Administration to produce the records and reports in its possession. He contended these were necessary to enable him to properly pursue his claim for disability compensation based on the allegedly negligent treatment he received at the Bronx Veterans' Hospital. Judge Herlands dismissed the complaint for lack of jurisdiction, relying on 38 U.S.C. § 211(a).[1] On this appeal, Deva-

ny insists his action did not seek a "review" of the Veterans' Administration's decision; instead, he argues, his quest is for a direction to reopen the administrative hearing so that he may now be afforded procedural "due process" which was previously denied him.

▐▐▐ The government's principal contention here is that Devany's death[2] renders this appeal moot. It argues that his widow is required by law to file a new claim and to initiate a new administrative proceeding before the Veterans' Administration. We find this contention without merit, for it would seem fatuous to us to require the widow to begin an entirely new proceeding to adjudicate the very same claim of negligence already before the Veterans' Administration in the current proceeding. The more sensible, and without question the more expeditious practice would be to allow Mrs. Devany merely to take her late husband's place in the pending proceeding and to continue to pursue whatever rights remain after his death. But, the government argues that 38 U.S.C. § 3001 and 38 C.F.R. § 3.151 require that a second claim be filed. The language of the statute and regulation, however, do not support that contention. All that is required is the filing of "a specific claim," and we see no reason why Mr. Devany's original claim does not meet this requirement. The statute and regulation are silent as to whether refiling is required, and we decline to interpret these provisions as mandating such unduly burdensome and bureaucratic procedures. The government insists, however, that there is a distinction between the deceased's claim and that of his widow, for as a result of his death any possible recovery is limited by statute to one year's accrued benefits. 38 U.S.C. § 3021. We do not view this distinction as important; it is a mere ministerial detail which can be rec-

1. "Except as provided in sections 775, 784, 1661, 1761, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be

final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision."

2. Devany died while the appeal from this order was pending.

ognized by a simple amendment to Mr. Devany's claim.[3]

 In any event, we are not required to reach the merits of appellant's contention, or to pass on the propriety of Judge Herlands' holding. We believe that the District Judge's decision should be affirmed because administrative remedies, still available, have not been exhausted. An appeal to the Board of Veterans' Appeals, 38 U.S.C. §§ 4004, 4005, is still available. Moreover, the Board may secure the opinions of independent medical experts, 38 U.S.C. § 4009, as Devany had requested in the original proceeding. Since the government has advised us by letter and at argument of this appeal that it intends to furnish Mrs. Devany with at least some of the requested hospital records and, if it has not been destroyed, a tape recording of the original hearing, she will, in effect, be afforded a hearing *de novo* before the Appeal Board. In such a situation, it is appropriate for us to withhold our intervention and to require her to exhaust her administrative remedies before we grant judicial relief. See Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938).

Affirmed.

---

**3.** Another difference urged is that Mrs. Devany's claim arises under 38 U.S.C. § 3021 while her late husband's claim arose under 38 U.S.C. § 351. We cannot find any change in basic rights if she were to file under § 3021.